United States District Court
Southern District of Texas
**ENTERED**
September 10, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| LORENZO SIERRA § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:24-CV-30 |
| § | |
| JST TRANSPORTES S.A. DE C.V. AND § | |
| JOSE LOPEZ § | |

# REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendants' Motion to Compel, (Dkt. No. 10), and Supplement to their Motion to Compel Plaintiff's Discovery Responses (Dkt. No. 12).

## I. Background

Plaintiff originally filed this suit on January 16, 2024, seeking damages stemming from an automobile accident that occurred on June 13, 2023. (Dkt. No. 1-1 at 6). Plaintiff alleges that Defendants' tractor-trailer struck the rear of Plaintiff's vehicle while Plaintiff was stopped in traffic. (*Ibid*.). Plaintiff is seeking recovery for various categories of damages, including past and future medical expenses, mental anguish, lost earnings, and lost earning capacity. (*Id*. at 10).

Defendants filed the pending Motion to Compel Plaintiff's responses to the first set of Interrogatories, Requests for Admission, and Requests for Production. (Dkt. No. 10). Specifically, Defendants argue Plaintiff had failed to sufficiently respond to Interrogatory number 16, Requests for Admission numbers 14, 15, 33, 34, and Requests for Production numbers 1 (regarding the HIPAA authorization and employment authorization), 7, 20, 22, 27, 46, 49, 54, 57, 58, and 59. (*Id*. at 3–4).

Page 1 of 13

On July 29, 2024, the Court ordered the parties to confer in good faith in an attempt to resolve the discovery issue. (Dkt. No. 11). On August 2, 2024, the parties conferred. (Dkt. No. 12). As a result, Defendants filed a Supplement to their Motion to Compel withdrawing their motion with respect to Interrogatory number 16 and Requests for Production numbers 1 (regarding employment authorization), 7, 20, 27, 54. (Dkt. No. 12 at 1–4). Unable to resolve remaining discovery issues, Defendants continue to move to compel Requests for Admission numbers 14, 15, 33, 34 and Requests for Production numbers 1 (regarding the HIPAA authorization), 8, 22, 46, 49, 57, 58, and 59. Plaintiff filed a response on August 9, 2024. (Dkt. No. 13). Defendants filed a reply. (Dkt. No. 14).

## II.  Legal Standard

Federal Rule of Civil Procedure 36 governs requests for admissions. Particularly, Rule 36(a) authorizes a party to request another party "to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, application of law to facts, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). Similarly, Federal Rule of Civil Procedure 34 allows a party to request the production of "any designated documents or electronically stored information" or "tangible things" within the scope of Rule 26. Fed. R. Civ. P. 34(a)(1).

Federal Rule of Civil Procedure 26(b) governs the scope of discovery. Under the Rule, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The considerations that bear on proportionality are:

> [T]he importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.* Courts have traditionally construed "relevance" broadly. Information is relevant if it "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, *any issue* that is or may be in the case." *See Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (emphasis added). Indeed, the Fifth Circuit "will not uphold a ruling which has failed to adhere to the liberal spirit of the Rules." *Id.* (internal citations omitted).

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 36(a)(6); Fed R. Civ. P. 37(a)(3)(B). The party objecting to discovery bears the burden of "show[ing] how … each request is not relevant or how each request is overly broad, burdensome or oppressive." *Kleppinger v. Tex. Dept. of Transp.,* No. L-10-124, 2012 WL 12893652, at *2 (S.D. Tex. Mar. 12, 2012); *Coronado v. Ainsworth Transp., Inc.*, C-09-110, 2010 WL 582571, at *1 (S.D. Tex. Feb. 11, 2010). However, "Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

While Federal Rule of Civil Procedure 26(b) generally governs the scope of discovery, parties may stipulate to "procedures . . . limiting discovery." Fed. R. Civ. P. 29(b). Parties may enter such stipulations without court approval, so long as "it

would [not] interfere with the time set for completing discovery . . . ." (*Id.*). However, when the existence of a Rule 29(b) stipulation is in dispute, courts must look to the circumstances underlying any alleged agreement. *See Valenzuela v. Willette*, No. 5:14-CV-62, 2014 WL 12620827, at *2 (S.D. Tex. Nov. 28, 2014).

While Rule 29(b) stipulations do not need to take "any particular form," it must be clear the parties entered into an agreement. *Riley v. Walgreen Co.*, 233 F.R.D. 496, 500 (S.D. Tex. Jan. 31, 2005); *see Valenzuela*, 2014 WL 12620827, at *3 (finding there was no Rule 29 agreement when a party made handwritten changes to an offer). In determining whether a Rule 29 stipulation exists, courts often look to contract law. *Widevine Technologies, Inc. v. Verimatrix, inc.*, No. 2-07-CV-321, 2009 WL 4884397, at *2 (E.D. Tex. Dec. 10, 2009). Among other elements, a valid contract requires an offer. *Prime Products, Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002). An offer is valid only if it can be shown that "(1) the offeror intended to make an offer, (2) the terms of the offer were clear and definite, and (3) the offeror communicated the essential terms of the offer to the offeree." *Domingo v. Mitchell*, 257 S.W.3d 34, 39 (Tex. App.—Amarillo 2008, pet. denied).

### III. Discussion

#### A. Whether the Parties Email Exchange Constitutes an Enforceable Rule 29(b) Agreement

Plaintiff maintains that all discovery Defendants currently move to compel is subject to a Rule 29(b) discovery agreement that limits the scope of discovery. (Dkt. No. 13 at 5–7). Specifically, Plaintiff argues that an email exchange between

Plaintiff's counsel and Defendants' counsel on July 18, 2024, created an enforceable Rule 29(b) agreement. (Dkt. No. 13-2 at 2). In the email exchange at issue, Defendants' counsel sent an email memorializing a discussion the parties had involving various discovery requests.

The Undersigned finds the parties did not enter a Rule 29(b) stipulation as to the discovery requests at issue. While the parties agreed to exchange discovery in portions of the email, it is unclear what "offer" was made with respect to the discovery requests here. (*See* Dkt. No. 13-2 at 2–3). Rather than an offer limiting discovery, each statement at issue operates only as a confirmation of the parties understanding as to the status of each discovery request. Therefore, whether Defendants' Motion to Compel will be granted requires the Undersigned to look at each request discovery individually.

### B. Requests for Admission Numbers 14 and 15

Request for Admission number 14 requests Plaintiff "Admit that [Plaintiff] ha[s] felt back pain before in the ten years prior to the accident." (Dkt. No. 10-1 at 4). Request for Admission number 15 requests that Plaintiff "Admit that [Plaintiff] ha[s] felt neck pain before in the ten years prior to the accident." (*Ibid*.). In his response to Defendants' Motion to Compel, Plaintiff objects arguing the requests are "overly broad" and "not relevant." (Dkt. No. 13 at 8).

The Undersigned finds the information requested in Requests for Admission numbers 14 and 15 to be relevant. Whether Plaintiff has experienced previous neck or back pain is relevant to determining the extent to which the auto accident at issue

caused Plaintiff's injuries. However, the Undersigned finds the request is overbroad as it requires Plaintiff to admit to *any* back or neck pain whatsoever.

Therefore, the Undersigned **RECOMMENDS** Plaintiff's objections to Requests for Admission numbers 14 and 15 be **SUSTAINED**, and Defendant's motion as to Requests for Admission numbers 14 and 15 be **DENIED.**

### C.  Requests for Admission Numbers 33 and 34

Request for Admission number 33 requests that Plaintiff "Admit that [Plaintiff] had no prior doctor-patient relationship with [Plaintiff's] treating medical providers prior to the accident." (Dkt. No. 10-1 at 6). Request for Admission number 34 requests that Plaintiff "Admit that the medical providers treating [Plaintiff] were hired by [Plaintiff's] attorneys." (*Ibid.*). Plaintiff argues both requests seek information not relevant to any party's claim or defense. Further, Plaintiff also argues Request for Admission number 34 may violate the attorney-client privilege.

The Undersigned finds both requests to be relevant as to the issue of bias. The issue of whether an attorney referred a patient to a physician in anticipation of litigation to establish a personal interest in the outcome is relevant to show bias. The issue of whether Plaintiff has a previous personal relationship with the physician may also be relevant to show personal bias. The Undersigned also finds the request do not implicate the attorney-client privilege because such information is not being sought. (Dkt. No. 14 at 3).

Therefore, the Undersigned **RECOMMENDS** Plaintiff's objections to Requests for Admission numbers 33 and 34 be **OVERRULED** and Defendants' motion as to Requests for Admission numbers 33 and 34 be **GRANTED**.

**D. Requests for Production Numbers 8, 22, 46, 49**

Request for Production number 8 requests Plaintiff produce "[a]ll emails and other documents showing communications between your attorneys' office and the medical providers seen as a result of the accident. This request does not ask for production of any attorney-client privileged documents." (Dkt. No. 10-1 at 18). Request for Production number 22 requests Plaintiff produce "any notes, diaries, journals, logs, sketches, diagrams, or other documents prepared by or kept by you which describe the accident, the mental or physical injuries received, or any alleged disability resulting therefrom." (Id. at 21). Request for Production number 46 requests Plaintiff to produce "any and all letters, emails, private messages on any apps or social media platforms, electronic text messages, or other written communications you sent to any person concerning the incident that is the subject of this accident and/or any injuries sustained as a result. This request excludes any such communication made to your counsel." (*Id*. at 27). Request for Production number 49 requests Plaintiff produce "any social media postings, pictures, and message correspondence by you or other persons . . . since the date of the accident that refer to the accident or discuss your alleged injuries from the accident in question." (*Id*. at 28).

Plaintiff raises various arguments including that the requests are overly broad, needlessly cumulative, unduly burdensome, seek irrelevant information, and seek information protected by the work product privilege.[1] (Dkt. No. 13 at 13–15).

---

[1] Plaintiff argues the information sought in Request for Production number 46 is protected by the work product privilege. The work product privilege covers materials prepared "in anticipation of litigation." *PPD Enterprises,*

The Undersigned finds that the requested records are relevant. Further, Plaintiff fails to demonstrate why exactly the requests are not proportional to the needs of the case.

Therefore, the Undersigned **RECOMMENDS** Plaintiff's objections to Requests for Production numbers 8, 22, 46, and 49 be **OVERRULED**, and Defendants' motion as to Requests for Production numbers 8, 22, 46, and 49 be **GRANTED**. However, because Plaintiff states he does not possess any non-privileged records responsive to these requests, (Dkt. No. 13-2 at 2),[2] the Undersigned recommends that Plaintiff not be ordered to produce responsive records.

### E. Requests for Production Numbers 57, 58, and 59

Request for Production number 57 requests Plaintiff to produce "all text messages sent by you and received by you for the period beginning 2 hours before the accident and ending 2 hours after the accident." (Dkt. No. 10-1 at 30). Request for Production number 58 requests Plaintiff to produce "all correspondence, including emails and text messages, sent by you and received by you after the accident that: discuss the accident, discuss your physical condition (including any pain or lack of pain), and discuss medical treatment resulting from the accident." (*Ibid*.). Request

---

*LLC v. Stryker Corp.*, H-16-0507, 2017 WL 11144568 (S.D. Tex. Apr. 10, 2017). As the Plaintiff indicates in their response, the request does not seek communications made to Plaintiff's counsel. Therefore, the work product privilege is not implicated.

[2] While Plaintiff does not reference this issue directly in his response as to Requests for Production numbers 8 and 46, (Dkt. No. 13 at 13–15), Federal Rule of Civil Procedure 10(c) provides that "a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Rule 7(b)(2) of the Federal Rule of Civil Procedure further provides "[t]he rules governing captions and other matters of form in pleading apply to motions and other papers." Fed. R. Civ. P. 7(b)(2). Plaintiff attaches an exhibit containing representations that he has no responsive documents to Requests for Production numbers 8 and 46 which is sufficient. S*ee U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004) (stating when "an allegation is contradicted by the contents of an exhibit attached to the pleading, . . . the exhibit and not the allegation controls.").

for Production number 59 requests Plaintiff to produce "all correspondence, including emails and text messages, sent by you and received by in the year prior to the accident that discuss any pain, disease, illness, injury and/or condition you had in the parts of your body that you allege to have injured in this accident." (*Ibid*.). Plaintiff objects to each request arguing they are overbroad, generally outside the scope of Rule 26(b)(1), and unduly burdensome. (Dkt. No. 13 at 15–17).

As for Request for Production number 57, courts have found that a party's cell phone records around the time of an automobile accident are relevant and sufficiently limited for purposes of Rule 26(b)(1). *Parker v. Bill Melton Trucking, Inc.*, 2017 WL 6554139, at *6 (N.D. Tex. Feb. 3, 2017); *Moorhead v. Klene*, No. A-19-CV-00203-LY, 2019 WL 4261125, at *2 (W.D. Tex. Sept. 9, 2019) (ordering a party to produce records in response to a nearly identical discovery request). With respect to Request for Production number 58 and 59, the requests are not overbroad as they are both limited time and subject-matter. Finally, Plaintiff fails to demonstrate why all three Requests for Production are unduly burdensome. Plaintiff makes general claims that the requests are unduly burdensome without addressing why they are defective with any particularity. *See Simon v. State Farm Lloyds*, No. 7:14-CV-251, 2015 WL 12777219, at *4 (S.D. Tex. Apr. 9, 2015) (compelling discovery when party makes boilerplate objections to discovery requests); *see also* Heller v. City of Dallas, 303 F.R.D. 466, 490 (N.D. Tex. Nov. 12, 2014) (finding claim that a discovery request was unduly burdensome without more is insufficient).

Therefore, the Undersigned **RECOMMENDS** Plaintiff's objections to

Requests for Production numbers 57, 58, and 59 be **OVERRULED**, and Defendants' motion as to Requests for Production numbers 57, 58, and 59 be **GRANTED.**

## F. Request for Production Number 1 (regarding HIPAA authorization)

Request for Production number 1 requests that Plaintiff produce a signed copy of a HIPAA Authorization for Release of Health-Related Information. (Dkt. No. 10-2 at 1–3). Plaintiff argues that the authorization is overbroad, violates the physician-patient and mental health privileges, and is "an improper way to force Plaintiff to create a document not yet in existence." (Dkt. No. 13 at 10–13).

The Undersigned finds that the physician-patient or mental health privileges do not protect the requested material.[3] However, the Undersigned has concerns about whether Plaintiff can be required to sign the authorization under Rule 34 and the scope of the authorization itself.

In terms of the authorization's substance, the Undersigned is concerned with the section regarding "Drug and/or Alcohol Abuse, and/or psychiatric, and/or HIV/AIDS Records Release. (Dkt. No. 10-2 at 1). While Plaintiff has placed his physical and mental condition directly at issue, the Undersigned believes that any information relating to HIV/AIDS or Genetic Information is irrelevant.

As for whether Plaintiff can be required to sign the authorization, courts in the

---

[3] The patient-litigant exception allows a party to discover records or communications relating to medical and mental health information when "any party relies on the patient's physical, mental, or emotional condition of a patient as a part of the party's claim or defense and the communication or record is relevant to that condition." Fed. R. Evid. 509(d)(4); *see R.K. v. Ramirez*, 887 S.W.2d 836 843 (Tex. 1994). As Plaintiff indicates, Plaintiff's physical condition is directly at issue.

Fifth circuit are split as to whether Rule 34 gives courts the power to order a party to sign a release form. *Vasquez v. Conquest Completion Services, LLC*, No. MO:15-CV-188-DAE-DC, 2018 WL 3611891, at *3 (W.D. Tex. Jan. 10, 2018). While "[i]n one camp … courts have concluded that Rule 34(a) does not give courts the power to order a party to sign an authorization or release" many other courts have concluded differently. *Mir v. L-3 Commc'ns Integrated Sys., L.P.,* 319 F.RD. 200, 228 (N.D. Tex. Aug. 22, 2016). Because of this, the Undersigned does not recommend that Plaintiff be required to sign the form.

Therefore, the Undersigned **RECOMMENDS** Defendants' motion as to Request for Production number 1 be **MODIFIED** as follows:

1. Plaintiff can sign and return the authorization form to Defendants **OR** produce the specified records himself.

2.

> **Drug and/or Alcohol Abuse, and/or Psychiatric, and/or HIV/AIDS Records Release**
>
> I authorize the release of my medical or billing records containing information in reference to Drug, Alcohol and/or Substance Abuse and Treatment.  Check One:  Yes ☒   No ____   Not Applicable ____
>
> I authorize the release of my medical or billing records containing information in reference to Mental Health or Psychiatric treatment, including psychotherapy results.  Check One:  Yes ☒   No ____   Not Applicable ____
>
> ~~I authorize the release of my medical or billing records containing information in reference to HIV/AIDS (Acquired Immunodeficiency Syndrome) testing and/or treatment.~~
> ~~Check One:  Yes ☒   No ____   Not Applicable ____~~
>
> ~~I authorize the release of my medical or billing records containing information in reference to Genetic Information (including Genetic Test Results).~~
> ~~Check One:  Yes ☒   No ____   Not Applicable ____~~

## IV. RECOMMENDATION

For the foregoing reasons, the Undersigned **RECOMMENDS** the Defendants' Motion to Compel Plaintiff's Discovery Responses, (Dkt. No. 10), with respect to

Requests for Admission numbers 33 and 34, and Requests for Production numbers 8, 22, 46, 49, 57, 58, and 59 be **GRANTED**. The Undersigned **RECOMMENDS** Defendants' motion with respect to Requests for Admission numbers 14 and 15 be **DENIED**. The Undersigned **RECOMMENDS** Defendants' motion as it pertains to executing the authorization referenced in Request for Production number 1 be **GRANTED AS MODIFIED**.

## NOTICE TO PARTIES

NOTICE TO PARTIES The Clerk shall file this Report and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Report and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

(signature on the next page)

**SIGNED** on this 10th day of September, 2024.

_____
CHRISTOPHER DOS SANTOS
United States Magistrate Judge

Case 5:24-cv-00030   Document 16   Filed on 09/10/24 in TXSD   Page 13 of 13